UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>TYLER LEE BERENS,<br>Defendant. | No. CR26-102-JHC<br><br>**ORDER OF FORFEITURE** |

THIS MATTER comes before the Court on the United States' Motion for an Order of Forfeiture (the "Motion") seeking to forfeit, to the United States, a sum of money (also known as a forfeiture money judgment) in the amount of $148,206, reflecting the proceeds that Defendant Tyler Berens personally received from *Access Device Fraud* in violation of 18 U.S.C. § 1029(a)(2). Dkt. # 17.

The Court, having reviewed the United States' Motion, as well as the other papers and pleadings filed in this matter, hereby FINDS entry of an Order of Forfeiture is appropriate for the following reasons:

- The proceeds of *Access Device Fraud*, in violation of 18 U.S.C. § 1029(a)(2), are forfeitable pursuant to 18 U.S.C. § 982(a)(2)(B);

- In his Plea Agreement (Dkt. No. 12), Defendant Berens admitted he personally obtained at least $148,206 in proceeds from the *Access Device Fraud* scheme charged in Count 1 of the Information to which he pled guilty (*Id.* at 11-13 (¶ 9), 18-19 (¶ 14));
- In his Plea Agreement, Defendant Berens agreed to forfeit, pursuant to 18 U.S.C. § 982(a)(2)(B), the proceeds he obtained from the *Access Device Fraud* scheme (*Id. at* ¶ 14); and
- The forfeiture of this sum of money is personal to Defendant Berens and pursuant to Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 32.2(c)(1), no third-party ancillary process is required before forfeiting it.

NOW, THEREFORE, THE COURT ORDERS:

1. Pursuant to 18 U.S.C. § 982(a)(2)(B), and his Plea Agreement, Defendant Berens' interest in the sum of money in the amount of $148,206 is fully and finally forfeited, in its entirety, to the United States;

2. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A)–(B), this Order will become final as at the time Defendant Berens is sentenced; it will be made part of the sentence; and it will be included in the judgment;

3. No right, title, or interest in the identified sum of money exists in any party other than the United States;

4. Pursuant to Fed. R. Crim. P. 32.2(e), in order to satisfy this Order forfeiting the sum of money, in whole or in part, the United States may move to amend this Order, at any time, to include substitute property having a value not to exceed $148,206; and

//

//

5. The Court will retain jurisdiction in this case for the purpose of enforcing this Order, as necessary.

IT IS SO ORDERED.

DATED this 29th day of September, 2026.

JOHN H. CHUN
UNITED STATES DISTRICT JUDGE